**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DONALD D. BUNCH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 2:19-cv-00367** |
| | § | |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security") files this Notice of Removal against Plaintiff Donald D. Bunch ("Plaintiff") pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.        INTRODUCTION

1.        This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II.        COMMENCEMENT AND SERVICE

2.        On October 2, 2019, Plaintiff commenced this action by filing an Original Petition in the 343rd Judicial District Court of Aransas County, Texas, styled Cause No. 19-0329, *Donald D. Bunch v. Assurant and American Security Insurance Company*.[1]

3.        American Security received the service of process via certified mail on October 8, 2019.[2]

---

[1] *See* Ex. B-1, Plaintiff's Original Petition.
[2] *See* Ex. A, Executed Process, at pp. 1–3.

4.      American Security timely filed an answer in state court on October 28, 2019.[3] Plaintiff non-suited Assurant, Inc. before the filing of this Notice of Removal.[4]

5.      This Notice of Removal is filed within thirty days of the receipt, through service or otherwise, of Plaintiff's Original Petition and is timely filed under 28 U.S.C. § 1446(b)(1). This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.      GROUNDS FOR REMOVAL

6.      American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.      DIVERSITY OF CITIZENSHIP

7.      This is an action with complete diversity of citizenship between the Plaintiff and Defendant.

8.      Plaintiff is a citizen of Texas.[5]

9.      Defendant American Security is a foreign insurance company.[6]

10.     No change of citizenship has occurred for the parties since commencement of the state court action. Accordingly, diversity of citizenship exists among the remaining parties to the litigation.

---

[3] *See* Ex. B-2, Defendant's Original Answer.
[4] *See* Ex. B-3, Notice of Nonsuit.
[5] *See* Ex. B-1, ¶ 1; Ex. G-1, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Plaintiff has been domiciled in Texas since at least June 1997).
[6] *See* Ex. H, Affidavit of Carmen Collazo.

## V.     AMOUNT IN CONTROVERSY

11.     In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may (1) remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. 28 U.S.C. §§ 1446(b)(3), (c)(3)(A); *Bosky v. Kroger Texas LP*, 288 F.3d 208, *passim* (5th Cir. 2002). Here, American Security was first able to ascertain this case was removable upon the receipt of Plaintiff's damages estimate on November 8, 2019, which seeks $135,541.28 in economic damages alone for repairs to the property at issue.[7]

12.     While Plaintiff claims the amount in controversy does not exceed $75,000.00, such a statement does not defeat diversity jurisdiction for removal purposes unless the petition is accompanied by a binding stipulation or affidavit. *See, e.g.*, *Chavez v. State Farm Lloyds*, No. 7:15-cv-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995). Plaintiff's petition is not accompanied by such a stipulation or affidavit. Thus, Plaintiff's damages estimate establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## VI.     VENUE

13.     Venue lies in the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

---

[7] *See* Ex. I, Plaintiff's Damages Estimate.

## VII.        CONSENT TO REMOVAL

14.      No Consent to Removal is necessary as American Security is the only named defendant in this lawsuit. Plaintiff non-suited Assurant, Inc. (named only as "Assurant" in the petition) prior to the filing of this Notice of Removal.[8]

## VIII.        NOTICE

15.      American Security will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). American Security will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## IX.        STATE COURT PLEADINGS

16.      Copies of all state court pleadings and orders are attached to this Notice of Removal.

## X.        EXHIBITS TO NOTICE OF REMOVAL

17.      The following documents are attached to this Notice as corresponding numbered exhibits:

A.      All Executed Process in this case;

B.      Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;

1.      Plaintiff's Original Petition;

2.      Defendant American Security Insurance Company's Original Answer;

---

[8] *See* Ex. B-3.

       3.      Notice of Nonsuit Without Prejudice

C.      Docket Sheet;

D.      An index of matters being filed;

E.      A list of all counsel of record, including addresses, telephone numbers, and parties represented;

F.      Civil Cover Sheet;

G.      Affidavit of Brian A. Srubar;

       1.      Accurint Comprehensive Address Report for Donald D. Bunch;

H.      Affidavit of Carmen Collazo;

I.      Plaintiff's Damages Estimate.

## XI.     CONCLUSION

WHEREFORE, Defendant American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 343rd Judicial District Court of Aransas County, Texas to this Court.

Dated:  December 6, 2019

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken* _____
    Bradley J. Aiken
    State Bar No. 24059361
    S.D. ID No. 975212
    Brian A. Srubar
    State Bar No. 24098460
    S.D. ID No. 3082622

1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

***Attorneys for Defendant American Security
Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on December 6, 2019, on the following counsel of record by Certified Mail:

***CM/RRR No. 7016 0910 0000 2773 5792***
Thomas M. Furlow
Thomas Hernandez
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

*Attorneys for Plaintiff*

/s/ Brian A. Srubar
Brian A. Srubar