# EXHIBIT B

# EXHIBIT B-1

CAUSE NO. 19-0329 _____ _____

| | | |
|---|---|---|
| DONALD D. BUNCH | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRCT COURT |
| | § | |
| | § | |
| ASSURANT AND AMERICAN | § | |
| SECURITY INSURANCE | § | |
| COMPANY | § | ARANSAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DONALD D. BUNCH hereinafter called "Plaintiff," complaining of ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

I.
## PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiff is an individual residing in Aransas County, Texas. Discovery should be Level III.

Defendant, **ASSURANT** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its President and CEO for service of process **Alan B. Colberg, 260 Interstate North Circle SE, Atlanta, GA 30339-2110**. Service is requested by certified mail, return receipt requested at this time.

Defendant, **AMERICAN SECURITY INSURANCE COMPANY** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its President and CEO for service of process **Alan B. Colberg, 260 Interstate North Circle SE, Atlanta,**

1

**GA 30339-2110**. Service is requested by certified mail, return receipt requested at this time.

II.

## AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant(s) itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of Wells Fargo Bank Na purchased insurance from said entity and/or service to be provided by it. Said Defendants are an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendants constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, are Plaintiff's homeowners' insurance company. The actions set forth in this complaint were committed by the Defendants, or its actual or apparent agents. Plaintiff owns and resides in a dwelling at **2208 Chaparral Street, Rockport, TX 78382.** Defendants provided coverage to the Plaintiff under a Homeowners' policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiff sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting

2

therefrom, and Plaintiff promptly and timely and properly reported same to Defendants pursuant to the terms of the insurance policy. **Plaintiff gave timely notice of the facts of loss and Defendants assigned claim number 00102257595 for date of loss 08/25/2017.**

Defendants ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY assigned their individual adjuster to the claim. The adjuster and those working at his direction conducted a substandard investigation which is evident in the estimate provided and correspondence from Defendants to Plaintiff. The adjuster and those at his direction spent an inadequate amount of time at the subject residence, totaling approximately thirty minutes. No attic inspection was performed and no testing for wind damage to shingle adhesive strips or felt was conducted. As a result, it is evident from his report that he failed to include many of Plaintiff's covered damages which would have been apparent upon proper inspection. Despite obvious storm damage to various portions of the home, the Adjuster improperly denied policy benefits by minimizing scope and improperly denying causation. The adjuster misrepresented to Plaintiff that such damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

The adjuster misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiff and reduce his understanding of his rights under the policy below what was actually covered by the policy. Exclusionary language clearly inapplicable to the loss or claim was cited by the adjuster in order to convince Plaintiff his loss was not covered in whole or in part, when in fact it was a covered loss. As such, Defendants knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiff.

V.

The Plaintiff's home sustained damages caused by the wind/hail peril, including damage to the roof and architectural finishes. Damages include the cost of construction, repairs, and restoration of the home, necessary to repair the damages to Plaintiff's residence. These constituted covered damages

3

under Plaintiff's homeowners' insurance policy with the Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY.

VI.

Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, and its adjusters have had ample opportunity to inspect Plaintiff's property, in connection with Plaintiff's claim for property damage. Defendants knew or should have known that Plaintiff had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY was also made aware of the need to perform repairs to the damages to Plaintiff's home as a result of the wind and/or hail storm. ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY knew that a substantial covered loss was owed. Nonetheless, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiff's covered losses with no reasonable basis. ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY have failed to act promptly or to a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiff a just amount in accordance with his contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which he is entitled. ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY knew that substantial

4

damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY was in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiff, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims for damage, and ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendants conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY were irresponsible, unconscionable, and took advantage of the Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY, amounts to one or more of the following:

    (a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

    (b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

    (c) failing to handle or process the Plaintiff's claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

    (d) committing a course of conduct that is unconscionable;

    (e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

    (f) refusing to fully pay a claim without a reasonable basis in violation of common law;

    (g) delaying full payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiff and others similarly situated. Such conduct of ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY was negligent and tortuous. The conduct of ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY constituted negligent misrepresentation of fact, or actionable fraud. The conduct of ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY proximately caused the injuries and damages to the Plaintiff for which he sues.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendants liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred.

6

XI.

Defendants have, by its conduct, breached their contract of insurance with the Plaintiff. Such breach proximately caused damages to the Plaintiff including consequential damages.   In   addition, Plaintiff is entitled to recover attorney's fees in connection with Plaintiff's contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendants are liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendants owe the Plaintiff significant sums for known losses.  Further, under the contract of insurance, the Defendants owe the Plaintiff reasonable compensation for additional living expenses because repairs to be performed to his residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

XIII.

The conduct of ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiff and Plaintiff's attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute.  In the alternative, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY conduct was malicious and fraudulent, and therefore, Plaintiff seeks punitive damages.

XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendants liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent

7

to the Defendants, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiff complied with all terms and conditions of the policy, but his claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiff and leave him free to sue for those benefits to which he is entitled that were denied or underpaid.* In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendants waived them, the Defendants are estopped from asserting them, and/or the Plaintiff substantially complied with them. Plaintiff make the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendants, and as to each claim for breach of contract or statutory violation as to said Defendants.

XV.

As to any exclusion or endorsement relied upon by the Defendants, Plaintiff would show that such is void and does not form a portion of Plaintiff's insurance policy with Defendants, ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY. The reason this is so includes, but is not limited to the following:

(a)    there is no consideration for such exclusion;

(b)    such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c)    such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d)    such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e)    such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f)    such exclusion is adhesive;

(g)    any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

8

(h)     the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff(s)' policy with Defendant(s). In particular, such cancellation of a portion of Plaintiff(s)' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i)     the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

(j)     In the alternative, any other construction of the language of the policy is void as against public policy;

(k)     In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff(s);

(l)     In the alternative, Defendant(s) is/are judicially, administratively, or equitably estopped from denying Plaintiff(s)' construction of the policy coverage at issue;

(m)     In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff(s) plead(s) the doctrine of mutual mistake requiring reformation.

(n)     Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o)     The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

XVI.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY at this time for actual damages and attorney's fees Chapter 542 penalties.  Plaintiff seeks from ASSURANT AND AMERICAN SECURITY INSURANCE COMPANY actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and

9

enjoyment of the home. The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorney's fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Furthermore, Plaintiffs' damages do not exceed $75,000.

XVII.
### DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief as to which they may show himself justly entitled, either at law or in equity, either general or special, including judgment against the Defendants for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:     (210) 910.4501
Telecopier:    (210) 910.4513


By:____/s/ *Thomas M. Furlow*_____
        THOMAS M. FURLOW
        State Bar No. 00784093
        THOMAS HERNANDEZ
        State Bar No. 09516400
        Email: tfurlow@furlowlawfirm.com
        ATTORNEY FOR PLAINTIFF

<u>PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT</u>

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual basis of Plaintiff's claims;

(d) the amount and any method of calculating economic damages;

(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

 (1) the expert's name, address and telephone number;

 (2) the subject matter on which the expert will testify;

 (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

 (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

  (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

  (B) the expert's current resume and bibliography;

(g) any indemnity or insuring agreements;

(h) any settlement agreements, described in Rule 192.3(g);

(i) any witness statements, described in Rule 192.3(h);

(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

12

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Furlow Law Firm, PLLC 1032 Central Parkway South, San Antonio Texas 78232.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:      (210) 910.4501
Telecopier:     (210) 910.4513


By:_____*/s/ Thomas M. Furlow*_____
            THOMAS M. FURLOW
            State Bar No. 00784093
            THOMAS HERNANDEZ
            State Bar No. 09516400
            Email: tfurlow@furlowlawfirm.com
            ATTORNEY FOR PLAINTIFF

13

# EXHIBIT B-2

CAUSE NO. A-19-0329-CV-C

| | | |
|---|---|---|
| **DONALD D. BUNCH,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **ARANSAS COUNTY, TEXAS** |
| **ASSURANT and AMERICAN** | § | |
| **SECURITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | **343rd JUDICIAL DISTRICT** |
| **Defendants.** | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Donald D. Bunch as follows:

### I.      GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

### II.      AFFIRMATIVE DEFENSES

2.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

3.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.c of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (3) water or

-1-

Electronically Filed
10/28/2019 3:50 PM
District Clerk, Pam Heard
Aransas County, Texas
By: Betty Watson

water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure; caused by or resulting from human or animal forces or any act of nature.

4.     Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.     Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

7.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(1) in the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring, or deterioration.

8.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(3) in the "Perils Insured Against" section of the policy excludes losses caused by smog, rust, or other corrosion, fungi, mold, wet or dry rot.

9.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.f(6) in the "Perils Insured Against" section of the policy excludes losses caused by settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims presented in the Petition.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

14.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

15.     Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

17.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

19.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

20.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

21.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

22.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

23.     Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

24.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

25.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

26.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

27.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

28.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

29.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

30.     Defendant avers that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

31.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

    a.     Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

    b.     Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

    c.     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

    d.     That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

32.     Plaintiff has sustained no injury from the alleged conduct of Defendant.

33.     Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

34.     Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

35.     There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

36.     Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

37.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

38.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

39.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

40.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide the requisite statutory notice pursuant to Chapter 542A of the Texas Insurance Code.

41.     Defendant expressly reserves and preserves any and all rights and defenses it may

have under the Texas Insurance Code, including Chapter 542A.

## III.    REQUESTS FOR DISCLOSURE

42.    Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service

of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 28, 2019, on the following counsel of record by eServe:

Thomas M. Furlow
Thomas Hernandez
Furlow Law Firm, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

**Attorneys for Plaintiff**

*/s/ Brian A. Srubar*
    Brian A. Srubar

-8-

EXHIBIT B-3

CAUSE NO. A-19-0329-CV-C

| | | |
|---|---|---|
| **DONALD D. BUNCH,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **ARANSAS COUNTY, TEXAS** |
| **ASSURANT and AMERICAN** | § | |
| **SECURITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | **343rd JUDICIAL DISTRICT** |
| **Defendants.** | § | |

## PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE

Pursuant to Texas Rule of Civil Procedure 162, Plaintiff Donald D. Bunch files this Notice of Nonsuit Without Prejudice for all claims it may have against Defendant Assurant, Inc. (named as "Assurant" in Plaintiff's petition). Plaintiff chooses not to pursue his claims against Defendant Assurant.

Accordingly, Plaintiff files this Notice of Nonsuit Without Prejudice of all claims against Defendant Assurant, Inc.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
Telephone: (210) 910.4501
Telecopier: (210) 910.4513

By: */s/ Thomas Hernandez*
    Thomas M. Furlow
    State Bar No. 00784093
    Thomas Hernandez
    State Bar No. 09516400
    Email: tfurlow@furlowlawfirm.com

ATTORNEY FOR PLAINTIFF

-1-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on October 31, 2019, on the following counsel of record by eServe:

Bradley J. Aiken
Brian A. Srubar
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
<u>brad.aiken@mhllp.com</u>
<u>brian.srubar@mhllp.com</u>

**Attorneys for Defendants**

*/s/ Thomas Hernandez*
Thomas Hernandez